# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                       |     |                        |
|-----------------------|-----|------------------------|
| STATE OF DELAWARE,    | )   |                        |
|                       | )   |                        |
|     Plaintiff, | )   |                        |
|                       | )   |                        |
|                       | )   |                        |
|                       | )   |                        |
| v.                    | )   | Cr. ID. No. 9707012190 |
|                       | )   |                        |
|                       | )   |                        |
| FREDDY L. FLONNORY,   | )   |                        |
|                       | )   |                        |
|     Defendant. | )   |                        |

Submitted: July 18, 2017
Decided: November 8, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF (FOURTH) SHOULD BE SUMMARILY DISMISSED.

Freddy L. Flonnory, defendant, *pro se*

MANNING, Commissioner:

This 8th day of November 2017, upon consideration of Defendant's motion for postconviction relief (herein after "Motion"), I find and recommend the following:

## FACTS AND PROCEDURAL HISTORY

The facts leading to Flonnory's 1999 murder conviction and death sentence were well summarized by the Delaware Supreme Court in its ruling reversing that conviction, so I will not recite them again here.[1] A second trial was held in 2004 that also resulted in a murder conviction. However, at the conclusion of the penalty phase, and over the jury's recommendation, the Superior Court sentenced Flonnory to life in prison.[2] That conviction and sentence was upheld on appeal by the Delaware Supreme Court in 2006.[3] Flonnory filed his first motion for postconviction relief on January 26, 2007. That motion was denied by the Superior Court,[4] and then unsuccessfully appealed to the Supreme Court.[5] Having exhausted all state court

---

[1] *See Flonnory v. State*, 778 A.2d 1044, 1046 (Del. 2001).

[2] *See State v. FLonnory*, 2004 WL 1658496 (Del. Super. July 22, 2004).

[3] *See Flonnory v. State*, 893 A.2d 507 (Del. 2006).

[4] *See State v. Flonnory*, 2008 WL 495780 (Del. Super, Feb. 14, 2008).

[5] *See Flonnory v. State*, 2008 WL 3906077 (Del. Aug. 26, 2008).

1

remedies, Flonnory then sought a *writ of habeas corpus* in the United States District Court for the District of Delaware—which was also denied.[6]

Flonnory then filed a second motion for postconviction relief in the Superior Court on March 18, 2013. That motion was subsequently denied as the Court ruled that all of Flonnory's claims were procedurally barred.[7] Rather than appeal this denial to the Delaware Supreme Court, Flonnory filed what can best be characterized as an amended or superseding third *pro se* motion for Postconviction relief with the Superior Court on July 6, 2013. Flonnory also sought appointment of counsel, which was granted on July 18, 2013.

Appointed counsel ("Rule 61 Counsel"), filed a comprehensive Motion to Withdraw as Counsel pursuant to Rule 61(e)(2) on January 30, 2015. In the Motion to Withdraw, Flonnory's Rule 61 Counsel represented that, after undertaking a thorough analysis of the case, Flonnory's claims were so lacking in merit that Rule 61 Counsel could not ethically advocate any of them. Rule 61 Counsel further represented that, following a thorough review of the record, he was unaware of any other substantial claim for relief available to Flonnory. Flonnory filed his Response to Rule 61 Counsel's Motion to Withdraw on March 6, 2015. This third postconviction relief motion was denied by the Superior Court on June 4, 2015.

---

[6] *See Flonnory v. Phelps*, 2010 WL 3023657 (D. Del. July, 30, 2010).
[7] *See State v. Flonnory*, 2013 WL 2149885, at *2 (Del. Super.).

## DEFENDANT'S RULE 61 MOTION

Flonnory's latest motion, filed on July 18, 2017, is now his fourth motion for postconviction relief. In this motion, Flonnory's claim is based on that of "newly discovered evidence." I have summarized it from his own word as follows:

> Trial and postconviction counsel were ineffective for not challenging the statement of Joy Watson, taken by an FBI agent, in violation of the "absent parent" rule, Fare v. Michael, 442 US 707 (1979). Had this statement not been admitted into evidence as a separate trial exhibit, the outcome of the trial and/or appeal, would have been different.

## LEGAL STANDARD

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[8] The first prong requires that a defendant show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires that the defendant show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[9]

---

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[9] *Id.*

3

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[10]

Mere allegations of ineffectiveness will not suffice; a defendant must make and substantiate concrete allegations of actual prejudice.[11] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside a judgment of conviction if the error had no effect on the judgment.[12] Finally, and of most applicability here, a reviewing court need not consider the merits of a Rule 61 motion if the motion is procedurally barred.[13]

---

[10] *Id.* at 697.

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[12] *Strickland,* 466 U.S. at 691.

[13] *Younger,* 580 A.2d *at* 554.

## ANALYSIS

Flonnory's claim is time-barred under Superior Court Criminal Rule 61(i)(1) because this *fourth* Motion was not filed within one year of the date the conviction became final.[14]

However, pursuant to Rule 61(d)(2)(i), newly discovered evidence may be raised in a second or subsequent postconviction motion, but it must be "plead with particularity" and "[create] a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted." The quintessential example of "newly discovered evidence" is DNA evidence that was developed utilizing forensic technology not available at the time of trial. Nonetheless, in an effort to circumvent the procedural bars of Rule 61, Flonnory couches his argument as that of "newly discovered evidence"—something it clearly is not.

First, the case and legal principle Flonnory cites, *Fare v. Michael*, was decided in 1979. Second, the facts Flonnory cites, *i.e.* the statement by Joy Watson to an FBI agent, was introduced against him at trial and has been in existence since at least 1999. Moreover, the holding in *Fare v. Michael* is inapplicable to his claim. In *Fare v. Michael*, the Unites State Supreme Court held that it was error for a California

---

[14] Super. Ct. Crim. Rule 61(i)(1).

5

court to find that a request by a juvenile suspect to speak with his probation officer constituted a *per se* invocation of his Fifth Amendment right to be free from compelled self-incrimination. And, that it was therefore also error to hold that because the police did not immediately cease interrogating the suspect, the statements he made during interrogation should have been suppressed.[15]

Even assuming the facts Flonnory suggests in his Motion are true, on its face, the holding in *Fare v. Michael* is inapplicable to his case—Flonnory has no standing to complain about possible violations of Joy Watson's rights at the time she made a statement to law enforcement.

For all of the foregoing reasons, Flonnory's Motion should be SUMMARILY DISMISSED.[16]

**IT IS SO RECOMMENDED.**

Bradley V. Manning
Commissioner

oc: Prothonotary
cc: Defendant

---

[15] *Fare v. Michael*, 442 US 707, 724 (1979).
[16] Superior Court Criminal Rule 61(d)(4).